IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARKUS JAMES HOLLINGSWORTH, )
        Petitioner, )    Civil Action No. 1:10-177 Erie
)
v. )    District Judge Sean J. McLaughlin
)    Magistrate Judge Susan Paradise Baxter
SCI GREENE, )
        Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

**II.    REPORT**[1]

    **A.    Relevant Background**

On July 28, 2005, a criminal complaint was filed against Petitioner. It explained that at approximately 4:10 a.m., he "did enter an occupied structure with the intent to commit a crime therein TO WIT: The defendant did enter 332 E. 27 St. through a side window by pushing up the screen and climbing in. The resident was alerted by barking dogs and the defendant ran out the back door. The defendant's student ID was found inside the house." (CP Dkt. No. 1 at 2). He was arrested that same day and charged with one count of burglary, in violation of 18 Pa.C.S. § 3502(a), a felony of the first degree. That offense is defined as follows:

---

[1]    Respondent has submitted the Common Pleas Court's file, which will be cited to as "CP Dkt. No. __."

1

> **(a) Offense defined.**-- A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

He was also charged with loitering/prowling at night, in violation of 18 Pa.C.S. § 5506.

Petitioner's preliminary hearing was held on September 9, 2005. On that date, the Commonwealth also charged him with one count of Criminal Trespass, in violation of 18 Pa.C.S. § 3503(a). (CP Dkt. No. 1). That crime is defined as:

> **(a) Buildings and occupied structures.--**
>
> (1) A person commits an offense if, knowing that he is not licensed or privileged to do so, he:
>
>> (i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or
>>
>> (ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.
>
> (2) An offense under paragraph (1)(i) is a felony of the third degree, and an offense under subparagraph (1)(ii) is a felony of the second degree.
>
> (3) As used in this subsection:
>
> "Breaks into." To gain entry by force, breaking, intimidation, unauthorized opening of locks, or through an opening not designed for human access.

Petitioner was charged with violating subparagraph (i) of § 3503(a)(1), a third-degree felony. (CP Dkt. No. 1 at 1).

Petitioner's preliminary hearing was held before the magisterial district judge on September 9, 2005. Andrew Weinraub, Esq., represented him. At the conclusion of the hearing, the burglary and loitering/prowling charges were bound over for trial. The criminal trespass charge was dismissed. (CP Dkt. No. 1 at 8, 10).

On October 14, 2005, new counsel, Gene Placidi, Esq., entered his appearance as Petitioner's attorney. On October 25, 2005, the Criminal Information was filed. It provided, in relevant part:

> [T]his Information charges that on (or about) July 28, 2005, … [Petitioner] did enter a building or separately secured or occupied portion thereof, to wit: 332 East 27th Street …, the property of ANN KALINOWSKI with the intent to commit a crime therein; thereby [Petitioner] did commit the crime of BURGLARY, a felony of the first degree.

The second count against Petitioner was for loitering and prowling at night time. (CP Dkt. No. 2). Petitioner waived his right to be formerly arraigned. (CP Dkt. No. 4).

On December 24, 2005, Petitioner, through Attorney Placidi, filed an Omnibus Pre-trial Motion to Suppress and a Motion for *Writ of Habeas Corpus* in which he claimed that the charge of burglary should be dismissed because there was no evidence presented at the preliminary hearing held on September 9, 2005, that Petitioner entered Kalinowski's house with the intent to commit a crime. (CP Dkt. No. 7).

Several days later, the Commonwealth filed a Motion to Amend the Criminal Information by changing Count I from burglary to criminal trespass under subparagraph (ii) of § 3503(a)(1).[2] It was explained in the motion that "facts adduced in investigation establish the elements of criminal trespass. Defendant is not prejudiced as he was aware of facts at [the] time of preliminary hearing, as well as of [the] Commonwealth's intention to amend to criminal trespass." (CP Dkt. No. 9).

Attorney Placidi did not object to the Commonwealth's Motion to Amend and the court granted it. (CP Dkt. No. 9b). On December 28, 2005, the Commonwealth filed the Amended Information, which charged Petitioner, in relevant part, as follows:

> [T]hat on (or about) July 28, 2005, … [Petitioner] knowing that he was not licensed or privileged to do so did enter, gain entry by subterfuge or surreptitiously remain in any building or occupied structure or separately secured or occupied portion therefore and/or

---

[2] As noted above, the criminal trespass charge that had been dismissed after the preliminary hearing had been under subparagraph (i) of § 3503(a)(1). Therefore, Petitioner was charged under a different statute section than the count of criminal trespass that had been dismissed by the magisterial district judge.

break into any building or occupied portion thereof, to-wit: ANN KALINOWSKI, 332 East 27th Street … thereby [Petitioner] did commit the crime of CRIMINAL TRESPASS, a FELONY OF THE SECOND DEGREE.

(CP Dkt. No. 10).

Attorney Placidi withdrew Petitioner's motion requesting dismissal of the burglary charge, since the issue raised in it was moot. He also filed an application for a continuance of trial, which was granted. In addition, he successfully moved to have Petitioner's bond reduced from $25,000 to $10,000 on the basis that the Amended Information dropped the burglary charge and instead charged him with criminal trespass. (CP Dkt. Nos. 12-14).

On March 21, 2006, Attorney Placidi filed a motion for leave to withdraw his appearance, which the trial court granted. (CP Dkt. Nos. 19-20). The court subsequently appointed Michael DeJohn, Esq., to represent Petitioner. His trial commenced on May 16, 2006.

On the second day of trial, Petitioner himself questioned the court as to why he was being tried for a crime that the magisterial district justice had dismissed for lack of probable cause during the preliminary hearing. The parties had a discussion on the record regarding what had occurred. At the conclusion of the discussion, the court explained:

> I have reviewed that matter. Although, [Petitioner], your point was astute, but because the amendment – although, we had, as you acknowledge, I believe the District Justice did throw out the criminal trespass, we still had burglary that remained.
>
> As a consequence, the amendment was to a crime that had very similar elements, criminal trespass. The only element really missing [from the Amended Information] was the intent to commit the crime therein. It also reduced the grade of the offense. So had they done the reverse and, perhaps, amended it to a more serious crime, there would have been a problem, but doing it this way is permissible under the law[.]

(5/17/06 Trial Tr. at 14-15).

At the conclusion of the trial, the court granted a judgment of acquittal on the charge of loitering/prowling at night. The jury found Petitioner guilty of criminal trespass and the court

4

subsequently sentenced him to 30-84 months of imprisonment, to be followed by three years of state supervised probation.

Petitioner, through Attorney DeJohn, filed an appeal with the Superior Court of Pennsylvania in which he contended that the district justice's decision to bind over the burglary charge was an error. (CP Dkt. No. 34). On April 11, 2007, the Superior Court issued a Memorandum in which it affirmed the judgment of sentence. (CP Dkt. No. 39, Commonwealth v. Hollingsworth, No. 1500 WDA 2006, slip op. (Pa.Super. Apr. 11, 2007)).

In August 2007, Petitioner, through Michael E. Hughes, Esq., challenged his judgment of sentence by filing a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. (CP Dkt. No. 43). Pennsylvania Rule of Criminal Procedure 564 provides: "[A] court may allow an information to be amended when there is a defect in form, the description of the offense(s), the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense." Petitioner asserted that by amending the information, withdrawing the charge of burglary, and adding the charge of criminal trespass, the Commonwealth had violation Rule 564. He claimed that Attorney Placidi was ineffective for failing to object to the Commonwealth's Motion to Amend Information, and asserted:

> But for Attorney Placidi's [failure to object to the Motion to Amend], the outcome of the proceeding would have been different. Since the Commonwealth failed to set forth a *prima facie* case for Criminal Trespass at the preliminary hearing, and presented no new evidence at trial to support the Charge of Criminal Trespass, had an objection been made, there is a reasonable probability that the Court would have denied [the] Motion to Amend Information; thus the issue of whether [Petitioner] committed the crime of Criminal Trespass would never have been submitted to the jury. Consequently, [Petitioner] would not have been found guilty of Criminal Trespass.

(CP Dkt. No. 43 at 4).

5

On September 27, 2007, the PCRA Court issued a 13-page notice that it was its intent to dismiss the PCRA petition without a hearing. (CP Dkt. No. 44). It explained that:

> A literal reading of Rule 564 would support Petitioner's argument, however, the Court has applied a broader interpretation of the rule.
>
> - - -
>
> The test to be applied by the Courts in determining the propriety of proposed amendments to an information has been described as follows:
>
>> The purpose of Pa.R.Crim.P. 564 is to ensure that a defendant is fully apprised of the charges and to avoid prejudice by prohibiting the last-minute addition of alleged criminal acts of which the defendant is uninformed. The test to be applied is whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defense to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the charge, then the amendment is not permitted.
>
> Commonwealth v. Brickler, 2005 Pa.Super. 307, 882 A.2d 1008 (2005) (citing Commonwealth v. Davalos, 2001 Pa.Super. 197, 779 A.2d 1190 (Pa.Super. 2001)).
>
>> An amendment to an information violating Pa.R.Crim.P. 564 is only fatal when the variance between the original and new charges prejudices the defendant.
>
> Id. at 1021.
>
> - - -
>
> [T]he Petitioner was always on notice of the alleged criminal conduct – entering the victim's residence without permission. The amendment did not affect Petitioner's defense because his defense of Criminal Trespass also applied to a defense of Burglary. Therefore, the amendment to Criminal Trespass simply more narrowly tailored the information to fit the facts of this case. See, Commonwealth v. Berry, 355 Pa.Super. 243, 513 A.2d 410 (1986) (holding that an amended information adding a count of indecent assault to the original rape charge was proper because it did not introduce new facts and did not affect appellant[.]

6

> Further, the Petitioner was not prejudiced by the timing of the Motion to Amend Information. The Commonwealth's Motion to Amend was granted on December 22, 2005. Appellant's jury trial began almost three months later on March 18, 2006. Therefore, Appellant had ample time to prepare his defense to the amended charge. See, Grekis, 601 A.2d 1284, 1291 (Pa. Super. 1992).

(CP Dkt. No. 44 at 5-6). Because the Commonwealth's Motion to Amend did not violate Rule 564, the PCRA Court held that Petitioner's counsel was not ineffective for failing to object to it. It further held that Petitioner's counsel wisely chose not to object to the amendment because it reduced the burglary charge, a first-degree felony, to a criminal trespass, a second-degree felony. Thus, "[t]he amendment effectively reduced the possible maximum sentence from twenty (20) years to a maximum of ten (10) years of incarceration:" (Id. at 9). The PCRA Court held:

> Counsel decided not to object to the amendment that drastically reduced the possible maximum sentence. Counsel had a reasonable strategic or tactical basis for not objecting to the amendment even if, assuming *arguendo*, there was a procedural flaw. Counsel's decision not to object was clearly done in the best interest of the Petitioner. Therefore, counsel cannot be deemed ineffective on this basis.

(Id. at 10).

On November 6, 2007, after consideration of Petitioner's response to its notice, the PCRA Court denied relief. (CP Dkt. Nos. 45, 47). The Superior Court affirmed in a Memorandum issued November 10, 2008. It determined Petitioner's claims had no merit. (CP Dkt. No. 57, Commonwealth v. Hollingsworth, No. 2101 WDA 2007, slip op. (Nov. 10, 2008)).

In this habeas action, Petitioner challenges the outcome of the PCRA proceedings and contends that he is entitled to a new trial. Respondent has filed an Answer (ECF No. 9) and the relevant state court records.

7

**B.  Discussion**

    **1.  Ineffective Assistance**

Because the Superior Court rejected Petitioner's claim of ineffective assistance on the merits, this Court's analysis is governed by the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") standard of review, which modified "a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As codified at 28 U.S.C. § 2254(d), AEDPA restricts a federal court's authority to grant relief when, as is the case here, the state court has "adjudicated on the merits" the petitioner's federal constitutional claims. In such cases, federal habeas relief may only be granted when the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or resulted in a decision that was based on an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). See also Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Lambert v. Blackwell, 387 F.3d 210, 234 (3d Cir. 2004).[3] Review under § 2254(d) is limited to the record that was before the state court. Cullen v. Pinholster, — U.S. —, 131 S.Ct. 1388, 1398-1401 (2011).

As the Supreme Court recently observed:

If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of

---

[3] "A state-court decision is 'contrary to' clearly established federal law if the state court (1) 'contradicts the governing law set forth in [the Supreme] Court's cases' or (2) 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.'" Lambert, 387 F.3d at 234, quoting Williams, 529 U.S. at 405-06. "A state-court decision 'involve[s] an unreasonable application' of clearly established federal law if the state court (1) 'identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular…case'; or (2) 'unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Id. at 234, quoting Williams, 529 U.S. at 407.

8

claims already rejected in state proceedings. Cf. Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. Jackson v. Virginia, 443 U.S. 307, 332, n. 5, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Harrington v. Richter, — U.S. —, 131 S.Ct. 770, 786-87 (2011). See also Wiggins v. Smith, 539 U.S. 510, 521 (2003) (it is not enough for a petitioner to show that the state court's adjudication of any of his claims was an "incorrect or erroneous" application of United States Supreme Court precedent); Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (where it is the state court's application of governing federal law that is challenged, "the state court's decision must be shown to be not only erroneous, but objectively unreasonable.") (internal citations and quotations omitted); Schriro v. Landrigan, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold").

The "clearly established Federal law" for AEDPA purposes in which to analyze Petitioner's claim of ineffective assistance is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, Petitioner first must show that his counsel's representation fell below an objective standard of reasonableness. 466 U.S. at 688; see also Williams, 529 U.S. at 390-91. The law presumes that counsel was effective. Id. at 689. The Third Circuit Court of Appeals has explained that it is "only the rare claim of ineffective assistance of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Kauffman, 109 F.3d 186, 190 (3d

9

Cir. 1997), quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir. 1989). Strickland also requires Petitioner to demonstrate that he was prejudiced by counsel's alleged deficient performance. "This requires showing that counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. In other words, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The Superior Court applied the correct legal standard when it evaluated Petitioner's ineffective assistance claim. (CP Dkt. No. 57, Hollingsworth, No. 2101 WD 2007, slip op. at 5). See also Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999) (legal standard for evaluating ineffective assistance claims in a PCRA proceeding is the same as the federal Strickland standard). Therefore, its adjudication satisfies review under the "contrary to" clause of § 2254(d)(1). See Williams, 529 U.S. at 406.

The Court next must consider whether the Superior Court's adjudication of Petitioner's claim was an "unreasonable application of" Strickland or an unreasonable determination of the facts. 28 U.S.C. § 2254(d). In conducting this analysis the Court is cognizant that:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," [Strickland, 466 U.S.] at 689, 104 S.Ct. 2052; Lindh v. Murphy, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, [Knowles v. Mirzayance, 556 U.S. 111, 129 S.Ct. 1411, 1420 (2009)]. The Strickland standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington, 131 S.Ct. at 788.

10

Petitioner insists that "[i]f my attorney at the time objected to the Motion [to Amend], it would not have been granted." (ECF No. 1 at 5). He cannot establish that fact, however. The Superior Court determined that the Commonwealth's amendment was not violative of Rule 564. (CP Dkt. No. 57, Hollingsworth, No. 2101 WDA 2007, slip op. at 7-10). Federal courts reviewing habeas claims cannot re-examine state court determinations on state law questions. See, e.g., Priester v. Vaughn, 382 F.3d 394, 402 (3d. Cir. 2004), quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wells v. Petsock, 941 F.2d 253, 256 (3d Cir. 1991) ("Our review of a federal habeas corpus petition is limited to remedying deprivations of a petitioner's federal constitutional rights. We take no cognizance of non-constitutional harm to the defendant flowing from a state's violation of its own procedural rule, even if that rule is intended as a guide to implement a federal constitutional guarantee."). The Superior Court also concluded that Petitioner's counsel had a reasonably strategic basis for not objecting to the Motion to Amend, as it significantly reduced the potential sentence that Petitioner faced. It further held that Petitioner failed to show that he was prejudiced by counsel's alleged ineffectiveness because: (1) the charge of burglary involved the same basic elements and evolved out of the same factual scenario as the criminal trespass charge, and his defense to burglary was the same as his defense to criminal trespass (entering the residence by invitation and consent); and, (2) he had several months following the amendment to prepare for trial. (CP Dkt. No. 57, Hollingsworth, No. 2101 WDA 2007, slip op. at 9-10).

In this case, the Court cannot conclude that the Superior Court's adjudication was an objectively unreasonable application of Strickland or an "unreasonable determination of the facts." 28 U.S.C. § 2254(d). Petitioner must establish that the Superior Court's determination to deny him relief is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, 131 S.Ct. at 787. He has failed to meet this high threshold.

11

### 2. Due Process Claim

Petitioner also contends that his due process rights were violated because the criminal information was amended contrary to the Pennsylvania Rules of Criminal Procedure. As noted above, however, the Superior Court determined that there was no violation and this Court may not reexamine that determination. See, e.g., Priester, 382 F.3d at 402; Estelle, 502 U.S. at 67-68; Wells, 941 F.2d at 256.

This claim also fails for the separate reason that Petitioner failed to exhaust a due process claim in the state court.[4] His argument that the Pennsylvania Rules of Criminal Procedure were violated was couched within his claim that he received ineffective assistance in violation of the Sixth Amendment. It does not appear that he asserted that there was also a due process violation. (See CP Dkt. Nos. 43, 43B). Accordingly, his due process claim is procedurally defaulted. See, e.g., Lines, 208 F.3d at 159; Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

---

[4] A federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first presented his federal constitutional claims to the state courts. 28 U.S.C. § 2254(b)(1)(A). See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997). To exhaust a claim, a petitioner must "fairly present" it to each level of the state courts. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing 28 U.S.C. § 2254(b); O'Sullivan, 526 U.S. at 848. He must also "have presented a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted," McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999), and must "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim," Anderson v. Harless, 459 U.S. 4, 6 (1982), quoting Picard v. Connor, 404 U.S. 270, 276-77 (1971). See also Baldwin v. Reese, 541 U.S. 27, 29-34 (2004); Nara v. Frank, 488 F.3d 187, 197-99 (3d Cir. 2007). "It is not sufficient that all the facts necessary to support the federal claim were before the state courts." Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). For example, a mere "passing reference to a 'fair trial'" is insufficient to put the state court on notice that petitioner is asserting a federal constitutional claim. Id. at 415. "If state courts are to be given the opportunity to correct alleged violations of its prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam). Thus, as the Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Id. at 366.

### C. Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Applying those standards here, jurists of reason would not find it debatable whether Petitioner's claims should be denied. Accordingly, a certificate of appealability should be denied.

## III. CONCLUSION

For the foregoing reasons, it is respectfully that recommended that the petition for a writ of habeas corpus be denied and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the petitioner must seek review by the district court by filing objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and

13

Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                                          /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge

Dated: September 29, 2011

cc:      The Honorable Sean J. McLaughlin
         United States District Judge